THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. HUMBERTO RODRÍGUEZ, Defendant and Appellant.

No. 5652.    Argued January 23, 1935.—Decided January 25, 1935.

*José E. Segarra* and *F. Colón Gordiani* for appellant.    *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In the case at bar the following complaint was filed:

"I, Manuel Parody Sánchez, resident at José Ricardo Carazo Street, Guaynabo, thirty-one years of age, file complaint against Humberto Rodríguez this 26th day of January, 1934, for a violation of a municipal ordinance committed in the following manner: That on January 26, 1934, and in the ward of Pueblo, of Guaynabo, P. R., in the jurisdiction of the Justice of the Peace Court of Guaynabo, within the municipal district of Río Piedras belonging to the judicial district of Bayamón, the aforesaid defendant Humberto Rodríguez, unlawfully, wilfully, and knowingly, and being the owner of bus

C–328, peddled in such bus cakes and sweets without payment of the corresponding excise tax to the Municipality of Guaynabo, P. R.; as provided in paragraph 11 of ordinance No. 91 of said municipality. An act contrary to law.''

Upon trial of this case on appeal from the Municipal Court of Guaynabo, the defendant was sentenced to pay a fine of $10 and the costs and, in default of such payment, to be confined in jail one day for each dollar left unpaid.

It is contended that the court below erred in assuming jurisdiction and competency to hear the case on appeal, and it is argued that, according to the complaint, the facts occurred within the municipal district of Río Piedras, which is not within the judicial district of Bayamón. Really the complaint is not as clear as might be desired and a reading of it is bound to give rise to some confusion. The *Fiscal* argues that Guaynabo belongs to the judicial district of Bayamón, which court, and not that of San Juan, is the proper court to hear this case, and that the complaint, in reciting as it does, that Guaynabo is within the municipal district of Río Piedras and belongs to the judicial district of Bayamón, has set out with clarity the different municipal and district judicial jurisdictions which comprise the town of Guaynabo. What the complaint in fact says is that the municipal district of Río Piedras belongs to the judicial district of Bayamón. There is no comma whatever after the word ''Piedras'' in the complaint which is before this court, and the conclusion is unavoidable that what is stated in the complaint is that the municipal district of Río Piedras belongs to the judicial district of Bayamón. And this is not true, although we may admit that the word judicial is inadvertently omitted, since the municipal judicial district of Río Piedras belongs in part to the judicial district of San Juan and in part to that of Bayamón.

However, even though the complaint is defective for lack of clarity, it is not necessary to decide whether or not it is sufficient to give jurisdiction to the court, since from an ex-

amination of the evidence we find that it has not been shown that on January 26, 1934, the defendant was engaged in peddling cakes and sweets in the jurisdiction of Bayamón. The witness Manuel Paredes, assistant collector for the municipality of Guaynabo, testified that he filed complaint against Humberto Rodríguez because several times he went out to collect the excise imposed by a municipal ordinance from those who were selling bread there, and that they then told him that they were not paying anything because they were not the owners of the bread; that that bread belonged to Humberto Rodríguez and that he was selling cakes, sweets, and bread; that the defendant has a factory in Cataño. that he sells all along the coast up to Fajardo; and that he defendant paid in Cataño an excise of $12.50 quarterly for the bakery and $12.50 for the confectionery shop. The defendant. stated that he had a factory for making bread, cakes, and sweets; that he was paying those excises in Cataño; that he sells all along the coast up to Fajardo; and that he cannot say that he had sold in Guaynabo on January 26, because he was not riding in the bus which delivers the bread; that he pays nothing for selling in Guaynabo, Fajardo, etc.

As may be seen, the defendant admitted that he was selling bread all along the coast up to Fajardo, and that he pays no excise whatever in Guaynabo; but it was not shown that on the 26th day of January 1934, as is alleged in the complaint, he was engaged in the sale of cakes and sweets in the jurisdiction of Guaynabo.

The judgment appealed from must be reversed and the defendant discharged.